1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ethan J. Brown (218814)
ethan@bnsklaw.com
Geoffrey A. Neri (258802)
geoff@bnsklaw.com
Tim G. Lamoureux (294048)
tim@bnsklaw.com
**BROWN NERI SMITH & KHAN, LLP**
11601 Wilshire Blvd., Ste. 2080
Los Angeles, CA 90025
T: (310) 593-9890

*Attorneys for Plaintiff*
*Ashkan Rajaee*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFONRIA

| | |
|---|---|
| ASHKAN RAJAEE, an individual;<br><br>Plaintiff,<br><br>v.<br><br>KRESSES AND PIASECKI LEGAL, PC, a New York professional corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 22CV895-BEN-MDD<br><br>**MEMORANDUM OF LAW IN SUPPORT OF BROWN NERI SMITH & KHAN, LLP'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF ASHKAN RAJAEE**<br><br>**NO ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1.D.1**<br><br>Hearing Date: November 14, 2022<br>Courtroom: 3C |

MEMORANDUM OF LAW

## I.   INTRODUCTION/FACTS

Movant Brown Neri Smith & Khan, LLP ("BNSK") moves this Court for an order to withdraw as counsel for Plaintiff Ashkan Rajaee ("Rajaee"). Since the time of the filing of this complaint, the attorney-client relationship has broken down and BNSK is unable to further adequately and sufficiently represent Rajaee as a result. (Brown Decl. ¶ 2.)

This case was filed on June 20, 2022. (ECF # 1.) At this point, Defendants have not appeared, although they have been served with a request for waiver of service. (*See* docket; Brown Decl. ¶ 3, Ex. A.) There is no scheduling hearing set, nor any schedule for the case, nor any trial date. (*See* docket.) If BNSK is permitted to withdraw, Rajaee nor any other parties will suffer any prejudice because the case is still in the initial stages. (Brown Decl. ¶ 76)

BNSK has served this Motion and the supporting papers on Rajaee via mail. (Brown Decl. ¶ 4; *see also* proof of service.) BNSK has also served this motion on counsel for Defendants via mail, who has not made an appearance and who has not agreed to accept service of the complaint, in order to provide notice to his clients. (Brown Decl. ¶¶ 3 and 4; *see also proof of service*.) BNSK also intends to serve this Motion on counsel for Defendants via email and will file a declaration indicating such service. (Brown Decl. ¶ 5.)

Accordingly, as a result of the breakdown of the attorney-client privilege and because BNSK has provided notice as required by the Local Rules, BNSK respectfully requests the Court grant this Motion.

## II.   ARGUMENT

Local Rule 83.4(f)(3)(a) permits withdrawal of an attorney following service of the motion upon the client and all adverse parties and BNSK has fulfilled this obligation. "A motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client." L.R. 83.3(f)(3)(a). "A declaration pertaining to such service must be filed. Failure to serve as required by this section or to file the required declaration will result in denial of the motion." L.R. 83.3(f)(3)(a).

1  BNSK has both served this Motion and submitted the required declaration. (*See*

2  *generally*, Brown Decl.)

3       Pursuant to California Rules of Professional Conduct, Rule 1.16(b)(4), "a

4  lawyer is permitted to withdraw from representation when the client by other conduct

5  renders it unreasonably difficult for the lawyer to carry out the representation

6  effectively." (*Id*.) The attorney-client relationship between Rajaee and BNSK is

7  irreconcilably broken at this point, and BNSK cannot adequately or sufficiently

8  represent Rajaee. (Brown Decl. ¶ 2.)

9       Finally, given that the case is still in the initial proceedings, there is no

10  prejudice that would result from BNSK's withdrawal. *See Gurvey v. Legend Films,*

11  *Inc*., No. 09-CV-942-IEG (BGS), 2010 WL 2756944, at *1 (S.D. Cal. July 12, 2010)

12  [holding that "there is also no indication that...withdrawal would cause any

13  prejudice" because the "case is still in its infancy and there are no immediately

14  scheduled hearings."]

15       Accordingly, BNSK respectfully requests the Court permit it to withdraw as

16  counsel for Rajaee.

17  **III.   CONCLUSION**

18       The attorney-client relationship has broken down between Rajaee and BNSK.

19  BNSK has met all requirements to permit withdrawal, and it respectfully requests the

20  Court grant its motion and order BSNK's withdrawal.

21

22

23  Dated: October 10, 2022            By:   /s/ Ethan J. Brown

24                                          Ethan J. Brown

25

26                                     **BROWN NERI SMITH & KHAN, LLP**
                                       11601 Wilshire Blvd., Ste. 2080
27                                     Los Angeles, CA 90025

28                                     *Attorneys for Plaintiff,*
                                       *Ashkan Rajaee*

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES


I am employed in Los Angeles County, California.  I am over the age of 18 and not a party to this action; my business address is 11601 Wilshire Blvd., Suite 2080, Los Angeles, California 90025.  On the date below, I caused the following,

- **MEMORANDUM OF LAW IN SUPPORT OF BROWN NERI SMITH & KHAN, LLP'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF ASHKAN RAJAEE**
- **DECLARATION OF ETHAN J. BROWN IN SUPPORT OF BROWN NERI SMITH & KHAN, LLP'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF ASHKAN RAJAEE**
- **BROWN NERI SMITH & KHAN, LLP'S NOTICE OF AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF ASHKAN RAJAEE**

to be served by U.S. Mail to the following address:

Tim Kindelan
Miller Monson Peshel Polacek
& Hoshaw
501 W Broadway Ste 700
San Diego, CA 92101
tkindelan@prodigy.net

*Attorneys for Defendants*

Ashkan Rajaee
6625 Muirlands Drive
La Jolla, CA 92037

*Plaintiff*

X      **VIA U.S. MAIL:** I placed a true copy of the foregoing documents in a sealed envelope addressed to each interested party as set forth above.  I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Brown Neri Smith & Khan, LLP, Los Angeles, CA.  I am readily familiar with Brown Neri Smith & Khan, LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice, the correspondence would be deposited in the United States Postal Service

I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 10, 2022, at Los Angeles, California.

_____
Leon Ramsey Jr.

PROOF OF SERVICE