1  Timothy P. Kindelan, SBN: 105911
   MILLER MONSON PESHEL POLACEK & HOSHAW
2  402 W. Broadway, Ste. 950
   San Diego, California 92101
3  Email: tkindelan@prodigy.net

4  Attorney for Defendants
   KRESSES & PIASECKI LEGAL, PC and
5  KOLETTE KRESSES

6

7              **UNITED STATES DISTRICT COURT**

8            **SOUTHERN DISTRICT OF CALIFORNIA**

9

10  ASHKAN RAJAEE, an individual        ) Case No: 22CV895-W-MDD
                                        )
11                      Plaintiff,      ) **Hearing Date: December 19, 2022**
                                        )
12                                      ) Dept.:  Courtroom 3C
                                        ) Judge:  Hon. Thomas J Whelan
13                                      )
                                        )
14  KRESSES & PIASECKI LEGAL, PC, a     ) DEFENDANT KRESSES & PIASECKI
    New York Professional Corporation,  ) LEGAL PC., KOLETTE KRESSES AND
15  KOLETTE KRESSES, an individual;     ) CHRIS BRUCK'S MEMORANDUM OF
    CHRIS BRUCK, an individual and      ) POINTS AND AUTHORITIES IN
16  DOES 1 through 10 inclusive,        ) SUPPORT OF MOTION TO DISMISS
                                        ) FOR LACK OF SUBJECT MATTER
17                                      ) JURISDICTION AND PERSONAL
                        Defendants.     ) JURISDICTION
18                                      )
                                        ) Complaint Filed: June 20, 2022
19                                      )
                                        ) Trial Date:   None Set
20                                      )
                                        )
21                                      )
                                        )
22  _____ )

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................. 1

II  STATEMENT OF FACTS .................................................................. 1

    A.  Plaintiff. .......................................................................................... 1

    B.  KPL Law Firm ................................................................................ 1

    C.  KPL Services ................................................................................... 2

        1.  Scope of Work ........................................................................ 2

    D.  Jurisdictional Facts ........................................................................ 3

        1.  Corporate Entity ..................................................................... 3

        2.  Individual Defendant Kolette Kresses ..................................... 4

        3.  Individual Defendant Chris Bruck ........................................... 5

III.  LEGAL STANDARD ...................................................................... 6

    A.  Lack of Subject Matter Jurisdiction .............................................. 6

    B.  Lack of Personal Jurisdiction ....................................................... 7

IV.  ARGUMENT ................................................................................... 8

    A.  Lack of Subject Matter Jurisdiction: No Diversity ....................... 8

    B.  Personal Jurisdiction: Lack of Minimum Contacts .................... 11

V  CONCLUSION ................................................................................ 14

i

# TABLE OF AUTHORITIES

<u>**Cases**</u>

*Arbaugh v. Y&H Corp.*,
  546 U.S. 500, 514 (2006) .................................................................................. 6

*Burger King*,
  471 U.S. at 478 ................................................................................................. 12

*Cheng v. Boeing Co.*,
  708 F.2d 1406, 1412 (9th Cir. 1983) ................................................................. 9

*Craig v. Atlantic Richfield Co.*,
  19 F.3d 472, 476 (9th Cir. 1994) ....................................................................... 9

*Cubbage v. Merchant*,
  744 F.2d 665, 688 (9th Cir.1984) ...................................................................... 8

*Data Disc, Inc. v. Systems Technology Associates, Inc.*,
  557 F.2d 1280 (9th Cir.1977) ............................................................................ 7

*Farr v. United States*,
  990 F.2d 451 (9th Cir.1993) ............................................................................. 10

*Faysound, Ltd. v. United Coconut Chemicals, Inc.*,
  878 F.2d 290, 294–95 (9th Cir. 1989) ............................................................... 9

*Goodyear Dunlap Tires Operations S. A. v. Brown*,
  564 U.S. 915, 923 (2011) .................................................................................. 11

*International Shoe Co. v. Washington*,
  326 U.S 310, 316 (1945) .............................................................................. 7, 11

*Jacqueline B. v. Rawls L. Grp., P.C.*,
  68 Cal. App. 5th 243 (2021) ............................................................................ 13

*Jungil Lee v. ANC Car Rental, Corp.*,
  220 Fed.Appx. 493, 495 (9th Cir. 2007) ........................................................... 9

*Kanter v. Warner-Lambert Co.*,
  265 F.3d 853, 857 (9th Cir. 2001) ................................................................... 10

*//*

ii

*Kokkonen v. Guardian Life Ins. Co.*,
    511 U.S. 375, 377 (1994) ............................................................. 8

*Li Ching Chu v. Tribal Techs., Inc.*,
    576 F. App'x 668, 669 (9th Cir. 2014) ...................................... 10

*Mayes v. Leipziger*
    674 F.2d 178, 183-185 (2d Cir. 1982) ...................................... 13

*Rio Properties, Inc. v. Rio Int'l Interlink*,
    284 F.3d 1007, 1019 (9th Cir. 2002) ........................................ 11

*Ruhrgas AG v. Marathon Oil Co.*,
    526 U.S. 574, 583-84 (1999) ...................................................... 6

*Sher v. Johnson*,
    911 F. 2d 1357, 1361(9th Cir. 1990) ............................. 8, 11, 12

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797, 802 (9th Cir. 2004) .............................................. 8

*Stock West, Inc. v. Confederated Tribes*,
    873 F.2d 1221, 1225 (9th Cir.1989) ............................................ 8

*Tele Munchen Fernseh GMBH & Co. v. All. Atlantis Int'l Distribution, LLC*,
    No. CV1305834MMMMRWX,
    2013 WL 12114769 (C.D. Cal. Oct. 4, 2013) ......................... 10

*Universal Licensing Corp. v. Paola del Lungo S..A.*,
    293 F.3d 579, 580-81 (2d Cir. 2002 ...................................... 9, 10

<u>*VeroBlue Farms USA, Inc. v. Wulf*</u>
    465 F.Supp.3d 633 (N. D. Tex 2020) ....................................... 13

*Warren v. Fox Fam. Worldwide, Inc.*
    171 F. Supp. 2d 1057 (C.D. Cal. 2001),
    aff'd, 328 F.3d 1136 (9th Cir. 2003) ....................................... 10

*White v. Lee*,
    227 F.3d 1214 (9th Cir. 2000) .................................................. 10

*Wolfe v. Hartford Life & Annuity Ins. Co.*,
    148 U.S. 389 (1893) ................................................................. 10

iii

**<u>Statutes:</u>**

28 U.S.C. § 1331 .................................................................................................. 1, 6, 8

28 U.S.C. § 1332 ........................................................................................ 1, 6, 8, 9, 10

28 U.S.C. § 1332(a)(2) .................................................................................................. 8

28 U.S.C. § 1332(a)(3) .................................................................................................. 9

8 USC 1101(a)(15)(L) .................................................................................................. 2

**<u>Rules:</u>**

Fed. R. Civ. P. 12(b)(1) .............................................................................................. 10

Fed. R. Civ. P. 12(b)(2) .......................................................................................... 7, 11

Fed. R. Civ. P. 12(h)(3) ............................................................................................... 7

1    Defendant, Kresses & Piasecki Legal ("KPL") PC, a New York Professional

2    Corporation, and Kolette Kresses ("Ms. Kresses"), an individual Defendant (moving

3    parties are collectively referred to in this motion as "KPL"), respectfully submit this

4    memorandum of points and authorities in support of their motion to dismiss for lack

5    of subject matter and personal jurisdiction.

6                                         **I.**

7                                **INTRODUCTION**

8              KPL and Ms. Kresses seek dismissal of Plaintiff Ashkan Rajaee's

9    (hereafter "Mr. Rajaee) Complaint for lack of subject matter jurisdiction and personal

10   jurisdiction. The Complaint fails to meet the jurisdictional requirements of Section 28

11   U.S.C. § § 1331 and 1332.

12                                        **II.**

13                          **STATEMENT OF FACTS**

14        **A.  Plaintiff.**

15        Mr. Rajaee is a citizen of Canada (Plaintiff's Complaint, page 1, ¶ 1) and not

16   a permanent resident of the United States (See: Declaration of Kolette Kresses,

17   "Kresses Declaration", ¶ 15 and 23). The Complaint alleges that Mr. Rajaee has lived

18   in San Diego County (Plaintiff's Complaint, page 1, ¶ 1). Mr. Rajaee has been

19   temporarily admitted to the United States in various non-immigrant categories, all of

20   which are statuses of limited duration (Kresses Declaration, ¶ 15 and 23).

21   Significantly, the Complaint does not allege that Mr. Rajaee is a permanent resident

22   of the United States, nor does it appear that he is.  Ms. Kresses suggests he is not a

23   permanent resident  (Kresses Declaration, ¶ 15 and 23).

24        **B. KPL Law firm.**

25        It is undisputed KPL is a New York professional corporation formed in New

26   York (Kresses Declaration ¶ 5).  Ms. Kresses  is the president of KPL and a U.S.

27   Citizen residing and domiciled in New York State (Kresses Declaration, ¶ 2 and 5).

28
                                        1

1    Defendant, Chris Bruck, an attorney employed by KPL, is neither a citizen of the

2    United States nor a resident of New York. Ms. Bruck is lawyer, a citizen of Canada,

3    domiciled in the province of Ontario (See: Declaration of Chris Bruck, "Bruck

4    Declaration", ¶ 4, 5").

5    **C. KPL Services.**

6    **1. Scope of Work.**

7    Ms. Kresses and Ms. Bruck's primary field of law practice is immigration

8    (Kresses Declaration, ¶ 6, Bruck Declaration,  ¶ 9). KPL has only one office, located

9    in North Tonawanda, New York (Kresses Declaration, ¶ 7).

10   In 2017, Mr. Rajaee found a U.S. partner, Tyler Davis, with whom he

11   wanted to go into business (Plaintiff's Complaint, page 3,  ¶ 14 and ¶ 18). Mr.

12   Rajaee then retained KPL to prepare an immigration petition on his behalf. (Kresses

13   Declaration, ¶ 16 and 17, Bruck Declaration, ¶ 10).

14   Mr. Rajaee also requested KPL's legal assistance in forming a United States

15   entity to help facilitate a successful immigration petition. (Kresses Declaration, ¶

16   17). Ms. Kresses determined that the formation of the United States entity was

17   necessary component of Mr. Rajaee's immigration petition (Kresses Declaration, ¶

18   16).

19   In accordance with the parties' arrangements, KPL filed Articles of

20   Organization in California on May 9, 2017 (Plaintiff's Complaint, page 3,  ¶ 17).

21   KPL supplied Mr. Rajaee with blank membership certificates (Plaintiff's Complaint,

22   page 4,  ¶ 22). KPL also provided two blank, generic operating agreements to Mr.

23   Rajaee for his uses  (Bruck Declaration,  ¶ 11 and 12).  The blank, generic operating

24   agreements were sent electronically to Mr. Rajaee in Canada from KPL's office in

25   New York (Kresses Declaration, ¶19, Bruck Decl. ¶ 11).

26   In connection with the formation of the United States entity, KPL's scope of

27   work was limited to the entity's formation only (Kresses Declaration, ¶ 18, 19, and

28

2

20, Bruck Declaration, ¶ 10, 11, and 12). No other work was requested, invoiced, or performed regarding the formation of the LLC (Kresses Declaration, ¶ 19, 20 and 21, Bruck Declaration, ¶ 11 and 12). Mr. Rajaee was not charged or billed for drafting an Operating Agreement because that service was not requested or performed (Kresses Declaration, ¶ 21 and 22). No engagement letter was created (Kresses Declaration, ¶ 17, and see Plaintiff's Complaint, ¶ 49).

KPL invoiced Mr. Rajaee in the amount of $674.65 for the formation of an entity (Kresses Declaration, ¶ 21). Of this amount, $400.00 was the legal fee, and $274.65 was for disbursements consisting of a $255 filing fee and a $19.65 Credit Card fee. KPL's invoice described its scope of work as "*Preparation & submission of documentation in connection with forming a California Limited Liability Company*" including "hard costs"  for such items as the filing fee ($40.00), Employee Identification Number ($25.00), corporate kit ($150.00) and miscellaneous expenses ($40.00) (Kresses Declaration, ¶ 21 and 22**).**

Plaintiff's Complaint alleges KPL's legal services were malpractice (Plaintiff's Complaint, ¶ 48-53). The Complaint attempts to make the case that KPL's legal work was performed in San Diego. This claim is disputed.

**D. Jurisdictional Facts.**

**1. Corporate Entity.**

KPL is a privately held Professional "C" corporation (PC) formed under the laws of the State of New York with a single office and place of business in the town of North Tonawanda New York (Kresses Declaration, ¶ 5, 6, and 7)

KPL does not have any contacts with California and never has (Kresses Declaration, ¶ 6, 7, 8, 9, 10, 11, 12, and 13). Thus, KPL has no "widespread, systematic, or continuous contacts" with California whatsoever (Kresses Declaration, ¶ 7). Indeed, the Kresses Declaration confirms that KPL:

3

- is not incorporated in California; and as importantly does not do business in California (Kresses Declaration, ¶ 9);

- has no subsidiaries whatsoever (Kresses Declaration, ¶ 9);

- does not maintain a registered agent for service of process in California (Kresses Declaration, ¶ 10);

- does not own or lease property, nor maintain any assets (including bank accounts) in California (Kresses Declaration, ¶ 11);

- does not file or pay state or local taxes to any California governmental entity;

- has no corporate offices in California (Kresses Declaration, ¶ 12);

-  none of its employees reside in California, and none of its corporate records are located in California (Kresses Declaration, ¶ 14);

- does not have any telephone listings or mailing address in California (Kresses Declaration, ¶ 13);

- does not host or attend meetings of directors or shareholders in California (Kresses Declaration, ¶ 14); and

- does not direct any advertising toward California residents, and does not advertise in any publications that are directed primarily toward California residents (Kresses Declaration, ¶ 8).

**2. <u>Individual Defendant Kolette Kresses.</u>**

Likewise, Ms. Kresses[1] has no jurisdictional connection whatsoever to California. The Kresses Declaration provides as follows:

- Ms. Kresses is not physically located in California, nor has she ever been a citizen there (Kresses Declaration, ¶ 2).

- Ms. Kresses is not licensed in California (Kresses Declaration, ¶ 4).

---

[1] Kolette Kresses is also Kolette Piasecki. Kresses is her maiden name (Kresses Declaration, ¶ 1).

4

- Ms. Kresses does not own or lease property or maintain any assets (including bank accounts) in California (Kresses Declaration, ¶ 3);

- Ms. Kresses does not file or pay state or local taxes to any California governmental entity (Kresses Declaration, ¶ 3);

- Ms. Kresses does not have any office or comparable facilities in California, she does not have any telephone listings or mailing address in California (Kresses Declaration, ¶ 3);

- Ms. Kresses is not licensed to practice law in the State of California (Kresses Declaration, ¶ 4).

- No retainer agreement was executed in this matter (Kresses Declaration, ¶ 17);

- The sole contact Ms. Kresses had with California was filing of articles of organization in Sacramento (Kresses Declaration, ¶ 24).

- Ms. Kresses filed articles of incorporation while situated at her desk in New York, filling in fields on State of California website. No interpretation of California law was required to engage in this activity (Kresses Declaration, ¶ 24).

**3. <u>Individual Defendant Chris Bruck.</u>**

The jurisdictional facts regarding Ms. Bruck are set forth in the Bruck Declaration as follows:

- Ms. Bruck is a citizen of Canada, and resides in Ontario, Canada. Her domicile is, and always has been, Canada (Bruck Declaration, ¶ 4).

- Ms. Bruck is an attorney employed by KPL, authorized to work in the U.S. via a work permit. Ms. Bruck sometimes commutes to work in the United States (Bruck Declaration, ¶ 8).

- Ms. Bruck's full time domicile is and always has been Canada (Bruck Declaration, ¶ 4).

5

- Ms. Bruck has no connection with California. She is not physically located in, nor has she ever been a citizen of, California (Bruck Declaration, ¶ 5 and 6).

- Ms. Bruck is not qualified, licensed, or authorized to conduct business in California (Bruck Declaration, ¶ 6).

- Chris Bruck does not own or lease property or maintain any assets (including bank accounts) in California, nor does Ms. Bruck file or pay state or local taxes to any California governmental entity (Bruck Declaration, ¶ 7).

- Ms. Bruck does not have any office or comparable facilities in California, and she does not have any telephone listings or mailing address in California (Bruck Declaration, ¶ 7).

- Chris Bruck is not licensed to practice law in the State of California (Bruck Declaration, ¶ 6).

Accordingly, Ms. Bruck has no connection to the State of California. Further, Ms. Bruck has not consented to being sued in either state or federal court in the State of California in this action. (Bruck Declaration, ¶13).

### III

### LEGAL STANDARD

#### A. Lack of Subject Matter Jurisdiction.

The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331 or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. 28 U.S.C. § 1332 confers diversity jurisdiction upon the federal courts.

It is settled law that subject matter jurisdiction is a nonwaivable requirement to proceed in Federal Court. *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999); Cases lacking subject matter

Defendants KPL Motion to Dismiss                    Case No. 22CV895-W-MDD

1   jurisdiction must be dismissed, whether raised by the parties, or on the Court's own

2   initiative.  Pursuant to the Federal Rules of Civil Procedure ("FRCP") 12(h)(3) ("if

3   the court determines at any time that it lacks subject-matter jurisdiction, the court

4   must dismiss the action").

5   **B. <u>Lack of Personal Jurisdiction.</u>**

6       Personal jurisdiction over a nonresident defendant attaches only when a

7   defendant is amenable to service of process under the forum state's long-arm statute,

8   and the exercise of jurisdiction comports with the due process clause of the

9   Fourteenth Amendment. Dismissal under FRCP 12(b)(2) is appropriate when there is

10  no general or specific jurisdiction over a defendant. The party seeking to invoke the

11  jurisdiction of the Court has the burden of establishing that the Court has personal

12  jurisdiction. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280

13  (9th Cir. 1977).

14      "For personal jurisdiction to exist, the nonresident defendant must have

15  purposefully established "minimum contacts" with the forum state such that it

16  invoked the benefits and protections of the forum's laws and thus reasonably could

17  anticipate being haled into court there. In addition, circumstances must be such that

18  the exercise of personal jurisdiction does not offend "traditional notions of fair play

19  and substantial justice." *International Shoe Co. v. Washington*, 326 U.S 310, 316

20  (1945).

21      Minimum contacts may be established in two ways: (1) general jurisdiction;

22  and (2) specific jurisdiction. "General jurisdiction applies where a defendant's

23  activities in the state are 'substantial' or 'continuous and systematic', even if the

24  cause of action is unrelated to those activities *Data Disc. Inc. v. Systems Tech, Assoc.*,

25  557 F. 2d 1280, 1287 (9th Cir. 1977).  Where general jurisdiction is inappropriate, a

26  court may still exercise specific jurisdiction if the defendant has sufficient contacts

27

28

7

1  with the forum state in relation to the cause of action". *Sher v. Johnson*, 911 F.2d
2  1357, 1361 (9th Cir. 1990)

3      In the Ninth Circuit, the Court employs a three part test to evaluate the nature
4  and quality of defendants' contacts for purposes of specific jurisdiction: i) some
5  action taken whereby defendant purposefully avails himself or herself of the
6  privileges of conducting activities in the forum, thereby invoking the benefits and
7  protections of the forum's laws; ii) the claim must arise out of or relate to the
8  defendant's forum-related activities; and iii) the exercise of jurisdiction must be
9  reasonable. *Cubbage v. Merchant*, 744 F. 2d 665, 668 (9th Cir. 1984). The burden of
10 proving the third requirement shifts to the defendant only if the plaintiff can first
11 carry his burden of satisfying the first two requirements. *Schwarzenegger v. Fred*
12 *Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

13 **IV.**

14 **ARGUMENT**

15 **A. <u>Lack of Subject Matter Jurisdiction: No Diversity.</u>**

16     Plaintiff bears the burden of demonstrating that the court has subject matter
17 jurisdiction to hear the action. See *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375,
18 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Stock West, Inc. v. Confederated*
19 *Tribes*, 873 F.2d 1221, 1225 (9th Cir.1989). Plaintiff cannot meet this burden.

20     Plaintiff's Complaint does not allege a federal question. The operative
21 Complaint alleges a  single cause of action based on a purely state claim—an
22 accusation of attorney malpractice. Thus, to establish subject matter jurisdiction over
23 what are purely state court claims of attorney malpractice, Plaintiff must establish
24 diversity jurisdiction.  It practically goes without saying that under 28 US § 1332,
25 diversity is present when actions with at least $75,000.00 in controversy are between
26 citizens of different states.

27     The Complaint alleges subject matter jurisdiction under 28 U.S.C. §1331(a)(2)

28 8

and §1332(a)(3), claiming this is "an action between a citizen of a foreign state domiciled in California *and citizens of a different state*." (See: Complaint, ¶ 6, Emphasis Added).   The bold, italicized language that is quoted from Plaintiff's Complaint is where Plaintiff encounters an insurmountable hurdle.  Ms. Bruck is not a "citizen of a different state".   Ms. Bruck is a citizen of Canada, a fact which destroys diversity in this lawsuit.

Under well-established federal procedural law, diversity is lacking where the only parties to the action are foreign parties, or where—as is the case here-- on the defense side, there are citizens and aliens (KPL, Ms. Kresses and Ms. Bruck), and on the opposite side, there is a single alien, Mr. Rajaee. (See: *Jungil Lee v*. *ANC Car Rental, Corp*., 220 Fed. Appx. 493, 495 (9th Cir. 2007): "We have interpreted § 1332(a)(2) to require complete diversity of parties. That is, aliens may not be on both sides of the litigation"; *Faysound, Ltd*. *v*. *United Coconut Chemicals, Inc*., 878 F.2d 290, 294–95 (9th Cir. 1989): "Diversity jurisdiction does not encompass foreign plaintiffs suing foreign defendants," citing *Cheng v*. *Boeing Co*., 708 F.2d 1406, 1412 (9th Cir. 1983)); *Craig v*. *Atlantic Richfield Co*., 19 F.3d 472, 476 (9th Cir. 1994) (stating that "§ 1332(a)(2) does not confer jurisdiction where a "case involve[s] a single foreign plaintiff ... and numerous foreign defendants (in addition to U.S. defendants)").

In this case, on one side, there is a single foreign plaintiff, who claims to be in the United States lawfully (Plaintiff's Complaint ¶ 1). On the other side, there is a Canadian citizen, Ms. Bruck, who is a named Defendant (Plaintiff's Complaint ¶ 4). Accordingly, since Ms. Bruck is indisputably a Canadian citizen, diversity is lacking—aliens are on both sides of the action. That the other two Defendants--Ms. Kresses and KPL--are citizens of the United States is of no help to Plaintiff's claims of diversity. As noted above, diversity is lacking "where on one side there are citizens and aliens and on the opposite side there are only aliens (See: *Universal Licensing*

Defendants KPL Motion to Dismiss                    Case No. 22CV895-W-MDD

*Corp*. *v*. *Paola del Lungo S*..*A*., 293 F.3d 579, 580-81 (2d Cir. 2002); and *Tele Munchen Fernseh GMBH & Co. v. All. Atlantis Int'l Distribution, LLC,* No. CV1305834MMMMRWX, 2013 WL 12114769 (C.D. Cal. Oct. 4, 2013).

A district court may consider extrinsic evidence when deciding a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *Warren v*. *Fox Fam*. *Worldwide*, *Inc*., 171 F. Supp. 2d 1057 (C.D. Cal. 2001), aff'd, 328 F.3d 1136 (9th Cir. 2003); *White v*. *Lee*, 227 F.3d 1214, 1242  (9th Cir. 2000); *Farr v*. *United States*, 990 F.2d 451 (9th Cir.1993) ("... the United States did also bring a motion pursuant to Rule 12(b)(1), and it is proper for the district court to consider evidence outside of the pleadings for the purpose of deciding a jurisdictional issue").  The Bruck Declaration is extrinsic evidence rebutting the Complaint's conclusionary allegation of diversity (Plaintiff's Complaint, ¶ 6).

It is firmly established that diversity of citizenship should be distinctly and positively averred in the pleadings. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties," (See: *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001)). In *Li Ching Chu v. Tribal Techs., Inc.,* 576 F. App'x 668, 669 (9th Cir. 2014) the district court correctly determined that Plaintiffs failed to allege the facts necessary to establish complete diversity as required by 28 U.S.C. § 1332. "The Court stated: "The complaint alleges that Plaintiffs are citizens of Taiwan but is silent on their domicile and legal status in the United States. To establish diversity jurisdiction for Plaintiffs' individual claims, they also must allege that they are not lawfully admitted permanent residents domiciled in the same state as any defendant*"* It is also clear that a bare, conclusionary statement of the parties' residence in a Complaint is insufficient to establish their citizenship. *Wolfe v. Hartford Life & Annuity Ins*. *Co*., 148 U.S. 389 (1893).

Plaintiff has not pled Mr. Rajaee's alien status in the U.S. with specificity.

10

1    Aside from the averment that he is a resident of San Diego County, the Complaint

2    lacks specificity regarding the allegations of diversity in this matter.  Plaintiff does

3    not allege Mr. Rajaee is a permanent resident of the United States. The evidence is

4    that Mr. Rajaee has been, at most, temporarily admitted to the United States.

5    **B. <u>Personal Jurisdiction: Lack of Minimum Contacts</u>**

6        FRCP Rule 12(b)(2) authorizes the District Court to dismiss an action for lack

7    of personal jurisdiction. In connection with motions to dismiss based on a lack of

8    personal jurisdiction, plaintiffs bear the burden of establishing a prima facie case for

9    jurisdiction over the non-resident defendant (*Rio Properties, Inc*. *v*. *Rio Int'l*

10   *Interlink*,  284 F. 3d 1007, 1019 (9th Cir. 2002). To establish personal jurisdiction

11   over the moving parties in this case, Plaintiff must present prima facie evidence of

12   Defendants KPL and Kressses' "minimum contacts" with California (*International*

13   *Shoe Co*. *v Washington*, 326 U. S. 310, 316 (1945).

14       "Minimum contacts" is a term traditionally used by courts to determine if a

15   defendant has engaged in certain minimum contacts with the forum state such that the

16   maintenance of the action does not offend traditional notions of fair play and

17   substantial justice (*Goodyear Dunlop Tires Operations S.A*. *v*. *Brown*, 564 U. S. 915,

18   923 (2011). An examination of published decisional authorities reveals no Ninth

19   Circuit case permitting such an expansive view of personal jurisdiction as that which

20   has been alleged in this matter.

21       In *Sher v*. *Johnson*, 911 F.2d 1357 (9th Cir. 1990) a California client brought a

22   malpractice action against a Florida law firm and its partners. To support the filing in

23   federal court in California, the plaintiff pointed to the execution of a retainer

24   agreement in California; the collection of payments in California; mail and telephone

25   communication into California; the law firm's visits to California; the execution of a

26   deed of trust on real estate located in California; and the appointment of attorney as

27   agent in California (*Sher* at 1361). Nevertheless, the *Sher* Court held the alleged

28

11

1  contacts were not sufficient to establish personal jurisdiction over the individual

2  attorneys. Instead, the *Sher* Court found the execution of a deed to real property in

3  California in favor of the law firm was an act sufficient to establish the requisite

4  personal jurisdiction (*Sher* at 1363). When assessing the law firm's representation of

5  out of state clients, the Court opined, "Out-of-state legal representation does not

6  establish purposeful availment of the privilege of conducting activities in the forum

7  state, where the law firm is solicited in its home state and takes no affirmative action

8  to promote business within the forum state." (*Sher* at 1363).

9      The "purposeful availment" requirement ensures that a defendant will not be

10  haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated"

11  contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985). The Supreme

12  Court has observed "the mere existence of a contract with a party in the forum state

13  does not constitute sufficient minimum contacts for jurisdiction." Id. at 474. Moving

14  parties KPL and Ms. Kresses dispute the existence of a written contract between the

15  parties entered into in the forum state (See: Kresses Decl. ¶ 18). However, even if one

16  assumes, for purposes of this discussion, that such a contract was formed in San

17  Diego, California, that is not a sufficient basis to establish the requisite "minimum

18  contacts" for jurisdiction to be present in this matter.

19      In this case, neither Mr. Rajaee nor any Defendant resided or did business in

20  California at the time the allegedly defective legal services were provided (Of note,

21  the Complaint dances around this detail by alleging that Plaintiff was "during much

22  of the relevant time" a resident of San Diego—whatever those quoted words mean to

23  Plaintiff). Moreover, it is beyond dispute that KPL has just one office, and it is in

24  New York. Likewise, it cannot be disputed that neither Ms. Bruck, Ms. Kresses, and

25  KPL are licensed to practice law in California, nor were they co-counsel with lawyers

26  located in California in this rather small transactional matter. No retainer agreement

27  was executed. No agreements were solely enforceable through California's legal

28

12

1  process. No legal services were provided that involved litigation. KPL did not file suit
2  or acquire evidence in California or otherwise use the states' legal process. There are
3  simply no contacts with this state sufficient to establish the court's jurisdiction.

4  In the case of *Jacqueline B. v. Rawls L. Grp., P.C.,* (2021) 68 Cal. App. 5th
5  243, 257, while, notably, a California appellate decision, the Court's opinion offers
6  some instructive insight to the issue of "purposeful availment" in a similar
7  malpractice case, stating: "…courts look to the *totality* of these factors …", noting
8  that "… the collection of attorney's fees from that forum resident, and the execution
9  of the retainer agreement in the forum state are not enough to constitute purposeful
10 availment." (See: *Jacqueline B.,* at 256).

11 In *Mayes v. Leipziger,* 674 F.2d 178 (2d Cir. 1982), California lawyers
12 represented a New York client in a California legal matter. The client became
13 dissatisfied with the legal services provided by a California lawyer and his California
14 law firm, and sued them for legal malpractice in federal court in New York.  The
15 *Mayes* Court affirmed dismissal of the malpractice action, finding no "purposeful
16 activity" as that term is used under New York law (*Mayes* at 184-185).

17 In *VeroBlue Farms U.S., Inc. v. Wulf,* 465 F.Supp.3d 633 (N.D. Tex. 2020), the
18 Fifth Circuit addressed a challenge to personal jurisdiction by a Canadian lawyer and
19 his Canadian law firm, finding that the filing of a certification of formation for  a
20 corporation with the Texas Secretary of State by a non-resident attorney and citizen of
21 Canada, to create a company to sell products to the plaintiff, did not provide the
22 minimum contacts necessary for United States District Court for the Northern District
23 of Texas to exercise specific personal jurisdiction over attorney without violating due
24 process (*VeroBlue Farms U.S., Inc.* at 660-667).

25 Given these prior published decisions, any assertion of specific personal
26 jurisdiction over KPL or Ms. Kresses fails the "minimum contacts" test. The
27 Complaint is  insufficient to adequately allege jurisdictional allegations. KPL and its
28

13

1  lawyers merely filed articles of organization in Sacramento.  Dripping wet, KPL and
2  its lawyers are accused of i) filling out an on line state form from its offices in New
3  York and then filing that form in Sacramento; and ii) <u>not</u> taking any action or
4  otherwise doing anything regarding the creation of an Operating Agreement that its
5  client supposedly wanted the law firm and its lawyers to create.  Standing alone,
6  those facts are insufficient to form a basis for jurisdiction in federal court in San
7  Diego.

8                                             **V.**

9                                      **<u>CONCLUSION</u>**

10         For all of the foregoing reasons, Plaintiff's federal court lawsuit for
11  professional   negligence against Defendants fails for want of subject matter
12  jurisdiction and personal jurisdiction and must be dismissed.

13          Diversity does not exist. Plaintiff is a Canadian citizen living temporarily in
14  San Diego. Defendant Chris Bruck is a Canadian citizen domiciled full time in
15  Canada. As a result, "diversity", as that term has been defined by the Ninth Circuit,
16  does not exist in this case.

17          As to the issue of personal jurisdiction, the requisite "minimum contacts" are
18  completely lacking in this case. The Defendants are adamant they have not had any
19  contact with California. Even if "no contact" is disputed by Plaintiff, the Complaint's
20  allegations do not support a finding of sufficient minimum contacts.

21

22                                 Respectfully submitted.

23

24

25  Dated: November 14, 2022          By:  s/Timothy P. Kindelan
                                            Timothy P. Kindelan
26                                          Attorneys for Defendant

27

28                                        14

---

Defendants KPL Motion to Dismiss                     Case No. 22CV895-W-MDD