Timothy P. Kindelan, SBN: 105911
MILLER MONSON PESHEL POLACEK & HOSHAW
402 W. Broadway, Ste. 950
San Diego, California 92101
Email: tkindelan@prodigy.net

Attorney for Defendants
KRESSES & PIASECKI LEGAL, PC
KOLETTE KRESSES
CHRIS BRUCK

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHKAN RAJAEE, an individual, Plaintiff, vs. KRESSES & PIASECKI LEGAL, PC, a New York Professional Corporation, KOLETTE KRESSES, an individual; CHRIS BRUCK, an individual and DOES 1 through 10 inclusive, Defendants | Case No: 22CV895-W-MDD **Hearing Date: December 19, 2022** Dept.: Courtroom 3C Judge: Hon. Thomas J Whelan DECLARATION OF DEFENDANT KOLETTE KRESSES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND PERSONAL JURISDICTION Complaint Filed: June 20, 2022 Trial Date: None Set |

I, Kolette Kresses, declare:

1. My married name is Kolette Piasecki. I am an attorney in good standing, duly licensed to practice law in the State of New York. I am a defendant in this action. I have personal knowledge of the following facts and if called upon to testify

- 1 -

Declaration of Kolette Kresses                           Case No. 22cv895-W-MDD

I am competent to do so.

2. I am a citizen of the United States and I currently reside in Williamsville, New York. I have never resided or been a citizen of State of California.

3. I do not own or lease property in California or maintain any assets (including bank accounts) in California. I do not file or pay state or local taxes to any California governmental entity. I do not have any offices or comparable facilities in California. I do not have any telephone listings or mailing addresses in California.

4. I am not licensed to practice law in the State of California. I have never been admitted to practice law in California and have never even applied for admission. I am not qualified, licensed, or authorized to conduct any business in California and I do not conduct any business whatsoever in the State of California. I am not required to and have never maintained a registered agent for service of process in the State of California.

5. I am also the owner and president of my law firm, Kresses & Piasecki Legal PC ("KPL") who is also a named defendant. KPL is a professional "C" corporation (PC) organized and existing under the laws of the State of New York.

6. KPL is a small, single office law firm. We focus on immigration law and residential real estate law. I consider myself an immigration lawyer. Immigration law is my primary emphasis and where my expertise exists in the practice of law in New York.

7. Our office's only location is in the town of North Tonawanda New York. My law firm has no contact with the State of California, nor does it have "widespread, systematic, or continuous contacts" with the State of California or any California residents.

8. My law firm does not advertise in any publications that are directed towards California residents.

9. My law firm is not incorporated in the State of California. My law firm

- 2 -

Declaration of Kolette Kresses　　　　　　　　　　　　　　　Case No. 22cv895-W-MDD

is not licensed to do business in the State of California and no one in my law firm, including myself, practices law in the State of California. No one in my law firm is qualified to do business in the State of California. KPL has no subsidiaries whatsoever, including, but not limited to, no subsidiaries that are incorporated or qualified to do business in the State of California.

10. As my law firm has no connection whatsoever with the State of California, my law firm does not, nor has it ever, maintained a registered agent for service of process in the State of California.

11. My law firm does not own or lease property or maintain any assets (including bank accounts) in the State of California.

12. My law firm does not file or pay state or local taxes to any California governmental entity. KPL has no corporate offices in the State of California. No law firm corporate records are now, nor have they ever been, located in the State of California.

13. My law firm does not maintain any telephone listings or mailing addresses in the State of California.

14. None of my employees reside in California. My law firm does not attend meetings of directors or shareholders in the State of California.

15. I am personally aware of the fact that the Plaintiff, Ashkan Rajaee ("Mr. Rajaee") has been, in the past, temporarily admitted to the United States in various non-immigrant categories of limited duration since 2016. My personal knowledge of Mr. Rajaee's immigration status is based on my prior representation of Mr. Rajaee in his immigration matters, as set forth in this Declaration.

16. In 2017, Mr. Rajaee retained my law firm to help him with some immigration legal work he needed. At the time, Mr. Rajaee was living in Canada. Mr. Rajaee wanted to be able to work in the United States, which would require the filing of a petition known as an "L-1A Petition". In addition, to have a successful outcome

- 3 -

Declaration of Kolette Kresses            Case No. 22cv895-W-MDD

for his petition, I determined that a United States entity would need to be created, and I shared this recommendation with Mr. Rajaee at the outset of my law firm's retention by Mr. Rajaee. I assigned the immigration project to attorney Chris Bruck who is an associate attorney in my law firm.

17. Also in May 2017, Mr. Rajaee requested additional legal help from our law firm in creating a California entity in the United States so that he would have a company related to his Canadian company to meet this requirement.

18. No retainer agreement was executed between my law firm and Mr. Rajaee regarding the creation of the entity because of the minimal amount of work involved in simply filing articles of organization.

19. At Mr. Rajaee's request, I formed a California limited liability company for Mr. Rajaee by filing the Articles of Organization with the State of California on May 9, 2017. This work was done from my office in New York, sitting at a computer, filling out the required California form and then electronically transmitting the document to the State of California.

20. In May 2017, Mr. Rajaee also requested that I locate and forward suitable blank, generic Operating Agreement forms that he could use to create an Operating Agreement for his new LLC. I found some suitable forms on line and shared them with my associate attorney Ms. Bruck. I am aware that Ms. Bruck electronically transmitted, via email to Mr. Rajaee, two blank, generic templates of an LLC Operating Agreement, as he requested. The forms were sent via email from our office in New York to Mr. Rajaee in Canada where he was still living, for Mr. Rajaee to complete on his own, as he requested.

21. Mr. Rajaee did not ask my law firm to create an Operating Agreement for his newly formed entity. So we did not. Ms. Bruck did not fill out the blank, generic Operating Agreement forms that I had located online prior to transmitting those blank documents to Mr. Rajaee. Indeed, the invoice we transmitted to Mr.

- 4 -

Declaration of Kolette Kresses            Case No. 22cv895-W-MDD

Rajaee for this limited work reflects a $400 legal fee for just the formation of the LLC.

22. My law firm invoiced Mr. Rajaee on May 11, 2017, charging him $674.65 for the legal services of preparing and filing the articles of organization in California. KPL's invoice described its scope of work as "*Preparation & submission of documentation in connection with forming a California Limited Liability Company*" with the following "hard costs" for the initial filing fee with State ($40.00), employer identification number ($25.00), corporate kit ($150.00) and miscellaneous expenses ($40.00). The invoice reflects a $400 legal fee for just the creating and filing of the LLC entity. We did not invoice for "creating and formation" of any Operating Agreement, since we did not do that work. Our scope of work was limited to filing the articles of organization, the operative effect was to form the entity. No other work was invoiced, and no other work was requested or performed regarding the LLC.

23. I am aware that at the time my law firm was retained by Mr. Rajaee to help him with his United States immigration legal matters, he lived in Canada full time, and remained living in Canada for the entirety of 2017. In my capacity as his immigration lawyer, I am aware that Mr. Rajaee was not then, in 2017, nor is he now, a permanent resident admitted to United States.

24. My office's sole contact with the State of California was filing articles of organization in the City of Sacramento. I did so by sitting in my office in New York, filling out the form fields of an online form, and then clicking "file" (as in "send"). This filing was purely administrative. Of course this filing did not involve any sort of litigation, nor did it require me or anyone in my law firm to interpret California laws.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 12th day of November 2022.

- 5 -

Declaration of Kolette Kresses   Case No. 22cv895-W-MDD

*Kolette Kresses-Piasecki*
Kolette Kresses Piasecki