UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHKAN RAJAEE,<br><br>         Plaintiff,<br><br>v.<br><br>KRESSES AND PIASECKI LEGAL, PC, et al.<br><br>         Defendants. | Case No.:  22-CV-0895 W (MDD)<br><br>**ORDER GRANTING ATTORNEY'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF [DOC. 4]** |

  Pending before the Court is Brown Neri Smith & Khan's motion to withdraw as attorney of record for Plaintiff Ashkan Rajaee.  Plaintiff opposes the motion.

  The Court decides the matter on the papers submitted and without oral argument. See Civ.L.R. 7.1.d.1.  For the reasons set forth below, the Court **GRANTS** the motion [Doc. 4].

**I. DISCUSSION**

  On June 20, 2022, Brown Neri Smith & Khan ("BNSK") filed this lawsuit on behalf of Plaintiff Ashkan Rajaee.  The Complaint asserts one cause of action for professional negligence against Plaintiff's former attorneys.  (*Compl.* [Doc. 1] ¶¶ 9–12.)

1    Since the Complaint was filed, little activity has taken place in this case. The only activity reflected on the docket is BNSK's motion to withdraw filed on October 10, 2022 (*Notice of Motion to Withdraw* [Doc. 4]) and Defendants' motion to dismiss for lack of subject matter or personal jurisdiction filed on November 14, 2022 (*Defs' MTD* [Doc. 8]).

An attorney may not withdraw as counsel except by leave of court. Darby v. City of Torrance, 810 F.Supp. 275, 276 (C.D.Cal.1992); Civ.L.R. 83.3.f.3. "The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court...." Washington v. Sherwin Real Estate, Inc., 694 F.2d 1081, 1087 (7th Cir. 1982). Factors considered in evaluating the motion are "1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." CE Resource, Inc. v. Magellan Group, LLC, 2009 WL 3367489, at *2 (E.D.Cal. 2009) (citing Canandaigua Wine Co., Inc. v. Moldauer, 2009 WL 89141, at *1 (E.D.Cal. 2009)).

Withdrawal of counsel is governed by the standards of professional conduct required of members of the State Bar of California. See Nehad v. Mukasey, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). Here, BNSK seeks to withdraw under Rule 1.16(b)(4), which provides that an attorney may withdraw if "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." (*P&A* [Doc. 4-1] 3–6.) Citing this rule, BNSK argues the attorney-client relationship with Plaintiff "is irreconcilably broken at this point, and BNSK cannot adequately or sufficiently represent" him. (*P&A* [Doc. 4-1] 1:3–6; *Reply* [Doc. 7] 2:16–19.) In his opposition, Plaintiff disputes that there has been a breakdown of the relationship (*Opp'n* [Doc.6] 8:12–13), but then proceeds to establish that the relationship is irreparably broken.

In his opposition, Plaintiff contends that in addition to this case, BNSK represents him in a number of related complex lawsuits involving "immigration laws and international laws with thousands of documents being produced in the related matters."

2

22-CV-0895 W (MDD)

(*Opp'n* 2:12–22.)  It is the related cases that appear to have led to the deterioration of the attorney-client relationship.  While BNSK is representing Plaintiff in this case on a contingency basis (*id.* 9:9–11), Plaintiff alleges the firm holds an "$1,000,000 secured promissory note and registered lien agreement toward their fees" in the other cases.  (*Id.* 2:8–9.)  Plaintiff alleges that BNSK willfully misled him into providing the security and "dishonestly promised, signed and secured" the line of credit. (*Id.* 11:9–18.)  Plaintiff further alleges that in September of 2022, after the "credit facility reached over $500,000 of the $1,000,000," he became "concerned about the volume of billings and started asking the firm for an attorney-by-attorney breakdown of my invoices." (*Id.* 5:17–23.)  At the same time, Plaintiff alleges he began "digging into BNSK work product and discovered some glaring issues in their handling of the cases." (*Id.* 5:26–6:1.)  In particular, he contends he discovered that the "firm was missing critical documents or did not review critical orders from the arbitration proceedings that resulted in great harm to my case." (*Id.* 5:26–6:4.)

Plaintiff asserts that after raising additional questions with the firm, they advised him that they were "adverse" and "the firm is going to withdraw from all my cases…." (*Opp'n* 6:11–16.)  Thereafter, the firm filed motions to withdraw in the related cases, at least one of which has been granted.  (*Reply* [Doc. 7] 2:2–3.)  Plaintiff further alleges that the firm's "conduct has created a near impossible scenario that only benefits and profits BNSK to the tune of $1,000,000 while completely causing additional hardship and case prejudice for my family." (*Opp'n.* 8:5–9.)  Plaintiff asserts that "BNSK's conduct goes against my understanding of public policy rules established by the State Bar of California" (*id.* 2:6–8) and he contends he has filed a complaint against BNSK with the State Bar (*id.* 4:6–8).

Plaintiff's opposition to BNSK's motion to dismiss establishes that there has been a complete breakdown of the attorney-client relationship in the related cases and, accordingly, in this case as well.  Additionally, given the early posture of this case, there is nothing in the record suggesting that BNSK's withdrawal will prejudice the litigants in

this matter, will harm the administration of justice or unduly delay the resolution of this case. For these reasons, the Court will grant BNSK's motion.

## II. CONCLUSION & ORDER

For all the reasons set forth above, the Court **GRANTS** BNSK's motion to withdraw as attorney of record for Plaintiff Ashkan Rajaee [Doc. 4] and **ORDERS** as follows:

- BNSK shall serve a copy of this order on Plaintiff Ashkan Rajaee and Defendants and shall file the proof of service.
- On or before **December 5, 2022**, Plaintiff Ashkan Rajaee shall file a notice with this Court listing the mailing address for service of process.
- In light of this order, the Court **CONTINUES** Defendants' motion to dismiss [Doc. 8] to **January 23, 2023** to allow Plaintiff an opportunity to find new counsel. Accordingly, Plaintiff's opposition to Defendants' motion to dismiss is now due on or before **January 9, 2023** and Defendants' reply is due on or before **January 17, 2023**. Upon submission of the briefing, there shall be no oral argument on Defendants' motion to dismiss. See Civ.L.R. 7.1d1.

**IT IS SO ORDERED.**

Dated: November 21, 2022

_____
Hon. Thomas J. Whelan
United States District Judge