

CUMMINS & WHITE, LLP
Scott R. Carpenter (Bar No. 144259)
E-mail: scarpenter@cwlawyers.com
Hwui Lee (Bar No. 335331)
E-mail: hlee@cwlawyers.com
2424 S.E. Bristol Street, Suite 300
Newport Beach, CA 92660-0764
Telephone: (949) 852-1800
Fax: (949) 852-8510

Attorneys for Tyler Davis, an
individual, Porter Consulting, LLC, a
California limited liability company,
and Mason Building and Design,
LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHKAN RAJAEE,<br><br>Plaintiff,<br><br>vs.<br><br>KRESSES & PIASECKI LEGAL, PC, a New York professional corporation; KOLETTE KRESSES, an individual; CHRIS BRUCK, an individual; and DOEs 1 through 10, inclusive.<br><br>Defendants. | CASE No. 22cv895-W-MDD<br><br>**REPLY BRIEF IN SUPPORT OF TYLER DAVIS, PORTER CONSULTING, LLC, AND MASON BUILDING AND DESIGN, LLC'S MOTION TO QUASH AND STAY COMPLIANCE WITH PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION TO TODD BELLUOUMINI**<br><br>**DATE:   October 23, 2023**<br>**JUDGE: Hon. Michelle Pettit** |

/ / /

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Despite the mental gymnastics (and unsurprisingly, more misrepresentations)[1] Plaintiff Ashkan Rajaee ("Plaintiff" or "Rajaee") engages in his opposition brief, he only succeeds in strengthening Movant Tylor Davis's ("Movant" or "Davis") Motion to Quash. Rajaee rants in a disorganized fashion about how the subpoenaed documents will shed light on a litany of purported misdeeds by Tyler Davis. However, this instant lawsuit is by Rajaee against his former immigration attorneys for allegedly committing malpractice by mis-drafting an operating agreement for TopDevz, LLC. Even if we assume Rajaee's rantings to be true (they are not), such established facts will have no evidentiary worth to Rajaee's claim of malpractice against his former attorneys. Therefore, the subpoenaed material and Todd Belluomini ("Belluomini") do not even have tangential relevance to the factual and legal issues of this case, and the subpoena should be quashed.

---

[1] A list of some of the more egregious misrepresentations littered through the Opposition and Rajaee's declaration:

(1) Rajaee claims in his affidavit that "Tyler Davis attempted to corruptly influence Todd and scare him into not complying with the subpoena via text messages that say he has everything to lose while I already lost everything," but in the cited text messages, there is no such language. Rajaee Decl., ¶ 11, Ex. 11.

(2) Similarly, Rajaee also claimed that "Davis also tried to bribe Todd not to produce anything in exchange that he would pay all his legal fees" but the cited text message contains no such language. Rajaee Decl., ¶ 11, Ex. 11.

(3) Rajaee claims that his subpoena sought "All the documents requested are business records created in the course of day-to-day business and do not contain any privileged or protected matter." Oppo., p. 7, § A. The subpoena actually asks for a vague and overly broad category—"any communications or documents in your possession that relate in any way to Tyler Davis or his companies or affiliates." Declaration of Hwui Lee in Support of Movant's Motion to Quash., Ex. B [the subpoena at issue].

(4) "$750,000 were sourced and belonged to Porter Consulting and the other partners, namely, Todd Belluomini." Todd Belluomini was not a partner at Porter Consulting, Inc. during the time of these transfer, i.e. 2017. Declaration of Tyler Davis in Support of His Reply Brief in Support of His Motion to Quash, ¶ 2 ("Todd Belluomini, a third individual, and I first executed the Operating Agreement for Porter Consulting, Inc. on January 1, **2019**") (emphasis added).

## II.   FACTS

This instant lawsuit involves a claim of professional negligence (legal malpractice) by Rajaee against his former attorneys, Kresses & Piasecki Legal, P.C. ("Defendant"). The basis for this claim is that Defendant failed to carry out Rajaee's instruction in drafting an operating agreement for a limited liability company called TopDevz, LLC, specifically, that "[Defendant did not] put in the language . . . [i]nstead of setting a fixed ownership percentage as Mr. Rajaee had requested, the form Operating Agreement … called for ownership to float based on capital contributions." Compl., ¶ 20. Rajaee claims that this mis-drafting of the operating agreement caused him to lose an arbitration against Tyler Davis for control of TopDevz, LLC and resulted in a $10 million arbitration award against him. *Id.*, ¶¶ 1-36.[2]

The subpoenaed party, Todd Belluomini, never had any relationship with TopDevz, LLC, Kresses & Piasecki Legal, P.C., or Rajaee when the operating agreement for TopDevz, LLC was created and during the arbitration which led to a $10-million arbitration award against Rajaee. Declaration of Ashkan Rajaee in Support of his Opposition to Tyler Davis's Motion to Quash, ("Rajaee Decl."), ¶ 5 (stating that he and Todd Belluomini spoke on August 16, 2023 and that Mr. Belluomini had no knowledge of any preceding events regarding TopDevz, LLC and the more-than-$9 million arbitration award against Rajaee before Rajaee informed him); Declaration of Tylor Davis in Support of His Reply Brief, ("Davis Decl."), ¶ 1. Todd Belluomini (subpoenaed non-party), TopDevz, LLC (the limited liability company whose operating agreement is at the crux of this case and from which Rajaee looted millions of dollars by abusing his managerial position), Tyler Davis (the non-party that is the subject of the subpoena to Todd Belluomini), Porter Consulting, LLC (a separate

---

[2] Rajaee does not explain how this mis-drafting played any part in his criminal conduct of stealing millions of dollars from TopDevz, LLC's bank accounts to personal and other corporate bank accounts, which formed the main basis of the arbitration award against him. Rajaee Decl., Ex. 6 [Final Arbitration Award], p. 53 ("Rajaee's fraud upon Davis was endemic to the relationship and was put in motion from the very beginning – starting with the secret accounts Rajaee opened for the [TopDevz] LLC in Canada and used to transfer monies between the LLC and Mobile Monster between August 2017 and April 2019, without Davis's knowledge of approval"). It was Rajaee's own perjury and fraudulent conduct that led to the loss of the arbitration, not his victims or former attorneys (Defendant).

**REPLY RE MOTION TO QUASH**

[W383.9|2521842.DOCX;1]

limited liability company of which Davis and Belluomini used to be partners but in which Rajaee nor Defendants had any involvement), and Mason Building and Design, LLC (a separate limited liability company of which Davis and Belluomini used to be partners but in which neither Rajaee nor Defendants had any involvement) are *not* parties to this case.

Furthermore, Rajaee's sole basis for the relevance of Belluomini and his subpoenaed material is that Belluomini has knowledge regarding the 2017 operating agreement because Belluomini was a part of Porter Consulting, Inc., which made payments to TopDevz, LLC in 2017 as part of Mr. Davis's capitalization of TopDevz, LLC. Oppo., p. 13 ("$750,000 were sourced and belonged to Porter Consulting and the other partners, namely, Todd Belluomini"); Declaration of Scott Carpenter in Support of Movants' Reply Brief ("Carpenter Decl."), ¶ D [arbitration transcript], Tr. 1012:6-13 ("Rajaee testified during the arbitration about these payments "that Tyler put in 250[thousand dollars] May 3rd [2017], he put in 250[thousand dollars] May 23rd or 24th [2017], and he was supposed to put in another 250 and get a line of credit for 250,000"), during which various documents evidencing these transactions were exchanged between the parties (including Rajaee). However, Mr. Belluomini was not a part of Porter Consulting, Inc. until 2019. Declaration of Tyler Davis in Support of His Reply Brief in Support of His Motion to Quash, ¶ 2 ("Todd Belluomini, a third individual, and I first executed the Operating Agreement for Porter Consulting, Inc. on January 1, 2019").

## III.   DISCUSSION

### A.   AS A THRESHOLD ISSUE, RAJAEE CONCEDES MOVANTS' ARGUMENTS REGARDING THE LACK OF CONSUMER NOTICE AND MOVANT'S STANDING TO QUASH THE SUBPOENA.

In his Motion to Quash, Movant Tyler Davis argued that under California and federal law, the subpoena was defective because no consumer notice under California

**REPLY RE MOTION TO QUASH**

1   Code of Civil Procedure section 1985.3 was provided to him before the subpoena was
2   propounded. Memorandum of Points and Authorities in Support of Tyler Davis, Porter
3   Consulting, LLC, and Mason building and Design, LLC's Motion to Quash and Stay
4   Compliance with Plaintiff's Subpoena ("MPA ISO MTQ"), pp. 9-10, § C. Mr. Davis
5   also took the position that he had standing to quash this subpoena. *Id.*, pp. 6-7, § A.
6   Plaintiff failed to address either arguments in his opposition brief. *See*, Pl.'s Oppo. to
7   MPA ISO MTQ ("Oppo."). "When a plaintiff files an opposition to a motion ...
8   addressing only certain arguments raised by the [movant], a court may treat [the
9   unaddressed] arguments ... as conceded." *Arellano v. Ulta Salon, Cosms. &*
10  *Fragrance, Inc.*, No. EDCV2200639JGBKKX, 2022 WL 17128542, at *2 (C.D. Cal.
11  July 15, 2022).

12      Movant respectfully requests this Court to grant the Motion to Quash on the
13  basis of the lack of the consumer notice alone.

14      **B.    EVEN IF ALL OF RAJAEE'S *AD HOMENIEM* ATTACKS WERE**
15           **TRUE (THEY ARE NOT), HE STILL FAILS TO ESTABLISH THE**
16           **RELEVANCE OF THE SUBPOENAED MATERIAL TO THIS**
17           **LEGAL      MALPRACTICE      CASE      (AND      ACTUALLY**
18           **UNDERMINES HIS POSITION).**

19      Rajaee fails to show that he has a "substantial need for the testimony or material
20  that cannot be otherwise met without undue hardship." Oppo., p. 7, § B. First, Rajaee
21  proves the improper nature of his subpoena by admitting that he seeks this material not
22  to assist him in the instant case (for legal malpractice against his former immigration
23  attorneys) but to fish for evidence of wrongdoing by Mr. Davis and to relitigate the
24  arbitration he lost to Mr. Davis. None of the information or documents Rajaee
25  identifies, nor any of the factual issues he hopes to prove with the subpoenaed material,
26  have any logical relationship to proving the elements of legal malpractice. Second,
27  Rajaee fails to establish that he cannot obtain this evidence properly elsewhere without
28  undue hardship. Much of the supposed hardship he identifies is not his to bear, but that

**REPLY RE MOTION TO QUASH**

of unrelated parties (such as Mr. Davis's former wife); what "hardship" he identifies
is routine tasks in litigation, such as having to file a motion to compel.

      1.    **Despite Rajaee's Desperate Efforts to Tie the Subpoenaed Material to this Legal Malpractice Case, He Still Fails to Show that the Material Has Any Relevance.**

First, Rajaee claims that Todd Belluomini has relevant information because Mr. Belluomini can show that Tyler Davis's contribution to TopDevz, LLC originated from Mason Building and Design, LLC. Oppo., pp. 10-11, § D. Even if given credence, this information has no relevance to Rajaee's instant case, where he is suing his former immigration attorneys for incorrectly drafting the operating agreement for TopDevz, LLC. I.e., even if the Court give face value to because any of Mr. Davis's purported misdeeds (transferring his capital investment in TopDevz, LLC of $750,000 in three payments of $250,000 on May 3, 2023, May 23, 2023, and November 2017), these facts would not assist Rajaee in proving any legal malpractice on the part of Defendants. Furthermore, Rajaee *already has access to documentary evidence regarding these facts by dint of his participation in the arbitration.* Specifically, Rajaee testified during the arbitration about these payments ("I explained to her that Tyler put in 250 May 3rd, he put in 250 May 23rd or 24th, and he was supposed to put in another 250 and get a line of credit for 250,000"), during which various documents evidencing these transactions were exchanged between the parties (including Rajaee). Declaration of Scott Carpenter ("Carpenter Decl."), ¶ D [arbitration transcript], Tr. 1012:6-13. Furthermore, Rajaee claims that any payment from Mason Building and Design, LL occurred in "November 10, 2020." Oppo., p. 11. Thus, even if Belluomini was aware of this payment at the time, it occurred more than 3 years after the events underlying the instant case (i.e., when attorney-Defendant drafted TopDevz, LLC's Operating Agreement), and therefore Belluomini would not have any knowledge of the malpractice.

Second, Rajaee claims that "the facts surrounding the fraud needs to be

**REPLY RE MOTION TO QUASH**

established in this case to demonstrate how the operating agreement work-product of the Defendants enabled Davis to commit the crimes he did."[3] Oppo., pp. 12-13, § E. In other words, Rajaee admits that he seeks the subpoenaed material not to assist his case against his former immigration attorneys, but to fish for potential financial wrongdoing on Tyler Davis's part. How the operating agreement enabled Mr. Davis to become a criminal mastermind is of no matter to the issues of this legal malpractice case. Mr. Rajaee was the sole TopDevz, LLC member who provided any instructions to his attorneys in drafting the operating agreement, and it was he who had a history with them, not Mr. Davis. Compl., ¶ 13 ("[a]s a result of their prior relationship and services provided"]), ¶ 18 ("Rajaee requested that Ms. Bruck prepare an operating agreement"), Ex. A (instructions to Defendant without Davis's involvement), Ex. C (instructions to Defendant with Davis only cc'd and without correspondence from Davis). Anything that occurred after the operating agreement was created would have no evidentiary worth to the question at the heart of this case: Did Defendants commit malpractice when they drafted an operating agreement strictly upon Rajaee's instructions?

Third, Rajaee claims that subpoenaed material will establish that "Davis [u]sed the [o]perating [a]greement to [e]vade IRA [t]axes … [w]hile stealing Plaintiff's [o]wnership [i]nterests." Oppo., p. 13-14, § F. To state the obvious, Rajaee is neither the enforcement arm of the Internal Revenue Service nor a prosecutor, and this case has nothing to do with tax evasion. Neither will such an accusation (even if true) assist Rajaee in establishing that his former attorneys committed malpractice.

Fourth, Rajaee claims one of the facts he needs to "establish" in this case is that "the operating agreement Defendants provided enabled Davis to commit fraud on Plaintiff, superior court judges, and the Internal Revenue Service." Oppo. p. 14, § G. Rajaee claims that he needs to establish this fact because Defendants have asserted the affirmative defense of "fraud in the inducement." *Id*. Although Defendants do not

---

[3] Rajaee claims that such "fraud" occurred when

**REPLY RE MOTION TO QUASH**

[W383.9|2521842.DOCX;1]

1    specify the factual basis for its affirmative defense of "fraud in the inducement,"

2    establishing that the operating agreement allowed Mr. Davis to commit some fraud

3    upon Rajaee does not support or undermine Rajaee's cause of action for legal

4    malpractice or any of its elements. What Defendants likely referred to was that any

5    contractual agreement between Mr. Rajaee and Defendants for legal services was

6    induced by some fraudulent conduct on Rajaee's part, and therefore Rajaee has no

7    claim for professional malpractice.

8         Fifth, Rajaee claims that the subpoenaed material from Mr. Belluomini is

9    relevant because "Both Plaintiff and Defendants name Tyler Davis and Porter

10   Consulting as witness in their Joint Discovery Plan." Oppo. p. 14, § G. Naming

11   someone as a potential witness does not grant a party *carte blanche* to conduct

12   discovery into that witness. Furthermore, although Tyler Davis may shed some light

13   on the veracity of Rajaee's malpractice claim, *Mr. Belluomini cannot.* Rajaee does not

14   dispute that "Todd Belluomini never had any tangential or direct business relationships

15   with TopDevz, LLC." MPA ISO MTQ, § B, p.9. In fact, he only disputes that "Porter

16   Consulting, LLC never had any tangential or direct business relationships with

17   TopDevz, LLC" or that "Mason Building and Design, LLC never had any tangential

18   or direct business relationships with TopDevz, LLC." *Compare* MTQ, section B, p. 9

19   *with* Oppo., p. 15, § I. Further, the facts he uses to support his disputation—that Tyler

20   Davis capitalized TopDevz through Porter Consulting, the existence of a single invoice

21   on January 21, 2019 from Porter Consulting, Inc. to TopDevz, LLC, and that the two

22   entities shared a common address—have no relevance to the instant case. As repeated

23   ad nauseum, these facts contribute nothing of evidentiary worth to proving or

24   disproving the elements of Rajaee's claim of legal malpractice against Defendants.

25        Accordingly, none of the numerous arguments that Rajaee raises matter here

26   because Mr. Belluomini can contribute no information or documents that could

27   contribute to Rajaee's malpractice claim against Defendants.

28   ///

**REPLY RE MOTION TO QUASH**

**2.     Plaintiff Fails to Show "Undue Hardship" from Alternative Means of Obtaining This Information.**

Rajaee is also only able to muster one example of "undue hardship" that he has faced in obtaining discovery through alternative means—i.e., through the legion of other lawsuits that he has initiated against Tyler Davis.[4] Specifically, he claims "a subpoena [Belluomini] had received at Porter Consulting in the superior court was also suppressed and concealed from [Belluomini]." Oppo., p. 11. However, the subpoena was not directed at Porter Consulting or even mentioned Porter Consulting. Rajaee Decl., ¶ 18, Ex. 7. After Mr. Davis objected to the subpoena, Rajaee failed to follow up with a motion to compel or any other effort to enforce the subpoena. Carpenter Decl., ¶ 3. Such a routine task in litigation cannot be considered "undue hardship," especially when it was Rajaee who initiated this lawsuit (*Mobile Monster, Inc. v. Tyler B. Davis et al.*, 34-2021-00301817 [Sacramento County Superior Court]) against Mr. Davis.

Furthermore, Rajaee's example of "undue hardship" also proves that Rajaee had and has the opportunity to take discovery into the subpoenaed material—i.e., in the *Mobile Monster* case (where the subpoenaed party used to be a partner at one of the defendants) as opposed to this case (where there is not logical relationship between the subpoenaed material and a legal malpractice case).[5]

Accordingly, as the subpoenaed material has no relevance to the factual and legal issues of the instant legal malpractice case, and Rajaee's alternative means of obtaining discovery (i.e., in other cases such as *Mobile Monster* where relevance can at least be argued) do not constitute undue hardship, this subpoena should be quashed.

---

[4] For some unknown reason, Rajaee has provided examples of hardship that other third parties have purportedly suffered in discovery interactions with Mr. Davis in cases unrelated to the instant one. *See, e.g.*, Oppo. p. 8 (listing discovery disputes between Mr. Davis and his former spouse in marriage dissolution proceedings). To state the obvious, these examples are of no matter because it is the hardships of Mr. Rajaee that are relevant, not those of third parties unrelated to the underlying case.

[5] This raises the obvious question—why does Rajaee simply not propound discovery in cases where the factual issues he lists may actually be germane and relevant to the causes of action? The obvious response is that he sought to avoid California's "notice and objection" procedure and use this legal malpractice suit as a vehicle to surreptitiously "dig up dirt" on Mr. Davis to seek as a counter-leverage to the more than $9 million arbitration award against Rajaee.

**REPLY RE MOTION TO QUASH**

[W383.9|2521842.DOCX;1]

## IV.   CONCLUSION

Rajaee's Opposition makes clear the true purpose of the subpoena at issue—he seeks to use it as part of a campaign of fishing expeditions against every aspect of Mr. Davis's romantic, business, and family life in the hopes that Rajaee will uncover some misconduct that he can use to exact revenge against Mr. Davis for revealing Rajaee to be the thief and conman that he is. Movants respectfully request this Court to not allow Rajaee to exploit and abuse the federal discovery procedures for such a baseless and frivolous motive, and to quash this subpoena because the materials sought are not relevant to a legal malpractice case and can be properly pursued elsewhere.

Dated:  October 13, 2023

Respectfully submitted,

CUMMINS & WHITE, LLP

By: _____

Scott R. Carpenter
Hwui Lee
Attorneys for Tyler Davis, Porter
Consulting, LLC, and Mason Building and
Design, LLC

**REPLY RE MOTION TO QUASH**

|W383.9|2521842.DOCX;1|

**CERTIFICATE OF SERVICE**

*Rajaee v. Kresses & Piasecki Legal, P.C.*

United States District Court, Southern District of California

Case No.: 22CV895-W-MDD

I, the undersigned, declare:

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 2424 S.E. Bristol Street, Suite 300, Newport Beach, CA 92660-0764.

On October 13, 2023, I served the following document(s) **REPLY BRIEF IN SUPPORT OF TYLER DAVIS, PORTER CONSULTING, LLC, AND MASON BUILDING AND DESIGN, LLC'S MOTION TO QUASH AND STAY COMPLIANCE WITH PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION TO TODD BELLUOUMINI** on the interested parties in this action by placing a true and correct copy of each document thereof, enclosed in a sealed envelope, addressed as follows:

| | |
|---|---|
| *Plaintiff Ashkan Rajaee In Pro Per* | *Attorneys for Defendants* |
| Ashkan Rajaee | Timothy P. Kindelan |
| 888 Prospect Street, Unit 200 | Miller, Monson, Peshel, Polacek & Hoshaw |
| La Jolla, CA 92037 | 402 West Broadway, Suite 950 |
| rajaee.ashkan@gmail.com | San Diego, CA 92101 |
| | Telephone:  (619) 239-7777 |
| | tkindelan@prodigy.net |

Todd Belluomini
717 Main Street
Winters, CA 95694
todd_belluomini@hotmail.com

☑ **By CM/ECF:**  I caused the above-referenced document(s) to be served to the attached-named person(s) at his/her/their e-mail address(es) of record. The transmission was reported as complete and without error.

Executed on October 13, 2023, at Newport Beach, California.

-11-

**REPLY RE MOTION TO QUASH**

[W383.9|2521842.DOCX;1]

1

2 ☑ **(Federal)** I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

3
_/s/ Diana L. Pimentel_

4
Diana L. Pimentel

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REPLY RE MOTION TO QUASH**

|W383.9|2521842.DOCX;1|