UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHKAN RAJAEE, an individual,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>KRESSES & PIASECKI LEGAL, PC, a New York Professional Corporation; KOLETTE KRESSES, an individual; CHRIS BRUCK, an individual; and DOES 1 through 10, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 22-cv-895-WQH-MMP<br><br>**ORDER** |

HAYES, Judge:

　　The matter before the Court is the Motion to Vacate filed by Plaintiff Ashkan Rajaee. (ECF No. 95.)

**I.　　BACKGROUND**

　　On June 20, 2022, Plaintiff Ashkan Rajaee ("Plaintiff") initiated this action by filing the Complaint against Kresses & Piasecki Legal, Kolette Kresses, Chris Bruck,[1] and Does 1–10 (collectively, "Defendants). (ECF No. 1.) Plaintiff's claim arises from alleged professional negligence in Defendants' provision of legal advice. (*Id.*)

---

[1] Plaintiff filed a Notice of Voluntary Dismissal as to Defendant Bruck on November 18, 2022. (ECF No. 9.) The Court's references to "Defendants" in this Order include only Defendant Kresses & Piasecki Legal PC and Defendant Kolette Kresses.

1

On June 2, 2023, the Court denied Defendants' motion to dismiss for lack of subject matter jurisdiction and lack of personal jurisdiction. (ECF No. 18.) On June 21, 2023, Defendants filed their Answer. (ECF No. 19.)

On May 14, 2024, Defendants filed a Notification of Bankruptcy stating that Plaintiff's "Chapter 11 bankruptcy proceeding, filed on February 26, 2024, entitled *In re Ashkan and Nasim Rajaee*, United States Bankruptcy Court, Southern District of California, Case No. 24-00617-CL7, has been converted to a Chapter 7 bankruptcy proceeding by Order of the United States Bankruptcy Court for the Southern District of California on May 9, 2024. . . . [The Bankruptcy Court] has appointed Christopher R. Barclay as Trustee to take control of the affairs of Debtor and Plaintiff, Ashkan Rajaee." (ECF No. 83.)

On May 30, 2024, Christopher R. Barclay ("Trustee Barclay") entered an appearance in this action. (ECF No. 84.)

On December 2, 2024, Trustee Barclay and Defendants filed a Joint Status Report informing the Court that they reached a settlement. (ECF No. 91.)

On December 30, 2024, Trustee Barclay and Defendants filed a Stipulation for Voluntary Dismissal of All Claims With Prejudice. (ECF No. 93.)

On January 8, 2025, the Court dismissed this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii) and ordered the Clerk of Court to close the case. (ECF No. 94.)

On August 21, 2025, Plaintiff, proceeding *pro se*, filed the pending Motion to Vacate (ECF No. 95) seeking reconsideration of the Court's dismissal. Defendants filed an Opposition to the Motion to Vacate on September 11, 2025. (ECF No. 96.) Plaintiff filed a Reply in Support of the Motion to Vacate on September 18, 2025. (ECF No. 97.)

## II.   CONTENTIONS

Plaintiff requests that the Court reconsider its dismissal of this action (ECF No. 94) because the dismissal gave "effect to a prior judgment that is void." (ECF No. 95 at 7.) Plaintiff alleges that unlawful conduct in other, related lawsuits filed against him resulted

2

22-cv-895-WQH-MMP

in an erroneous judgment that precipitated the Court's dismissal in this case. (*Id.* at 7–8.) Plaintiff specifically contends that petitioners in a state court action against him submitted multiple "perjured statement[s]" to the Superior Court of the State of California. (*Id.* at 21 (citing *Davis v. Rajaee*, Case No.: 37-2022-00026691-CU-PA-CTL, Superior Court of the State of California, County of San Diego).) Plaintiff contends that the state court was "tricked" into issuing a "void" and "constitutionally invalid" judgment. (*Id.* at 7, 23, 29.) Plaintiff contends that the state court judgment is void because the rendering court lacked subject matter jurisdiction, lacked personal jurisdiction, and failed to provide Plaintiff an opportunity to be heard. (*Id.* at 29–30.) Plaintiff contends that this judgment "has been used to give legal effect to hundreds of court proceedings, including to divest Plaintiff of Chapter 11 rights so [Trustee Barclay] can obtain legal rights from proceedings founded entirely upon a fraudulently procured void judgment . . . ." (ECF No. 97 at 6–7.) Plaintiff now seeks relief under Federal Rules of Civil Procedure 60(b)(4), (b)(6), and (d)(3). (ECF No. 95 at 2.)

Defendants respond that Plaintiff lacks standing to file the pending motion because Trustee Barclay is the real party in interest in this action. (ECF No. 96 at 4–5.) Defendants also contend that the motion fails to articulate a legal basis for reconsideration because Plaintiff's filing "makes no specific mention of Defendants, the settlement the Defendants achieved with [Trustee Barclay], or even the Dismissal With Prejudice [in this case] of January 8, 2025." (*Id.* at 5.) Defendants also allege that they filed for emergency relief in the Bankruptcy Court for the Southern District of California seeking confirmation that Plaintiff is without authority to file his motion. (*Id.* at 5–6.)

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides that, "[o]n a motion and just terms, the court may relieve a party or its legal representatives from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have

  been discovered in time to move for a new trial under Rule 59(b);

  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

  (4) the judgment is void;

  (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

  (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).[2]

  A judgment that is "void" within the meaning of Rule 60(b)(4) "is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (citations omitted). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271. A judgment that is void for want of jurisdiction requires that the rendering court "lack even a colorable basis" to exercise jurisdiction. *Fed. Trade Comm'n v. Hewitt*, 68 F.4th 461, 466 (9th Cir. 2023) (citing *Hoffmann v. Pulido*, 928 F.3d 1147, 1151 (9th Cir. 2019)).

  "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). "[A] movant seeking relief under Rule 60(b)(6) [must show] 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 537 (2005) (citations omitted). "The long-standing rule in this circuit is that clause (6) and the preceding clauses are mutually exclusive; a motion brought under clause (6) must

---

[2] The United States Supreme Court has recently made clear that dismissal pursuant to Federal Rule of Civil Procedure 41(a) qualifies as a "final proceeding" within the meaning of Rule 60(b). *Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 319 (2025).

be for some reason other than the five reasons preceding it under the rule." *Lyon v. Agusta S.P.A.*, 252 F.3d 1078, 1088–89 (9th Cir. 2001) (quotation omitted).

## IV.   DISCUSSION

The Court does not find reason to vacate its dismissal of this action. The Court ordered the Clerk of Court to dismiss this action (ECF No. 94) pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), which permits a plaintiff to dismiss an action by filing a stipulation of dismissal signed by all parties. Trustee Barclay filed a stipulation in compliance with those requirements on December 30, 2024. (ECF No. 93.) The pending motion for reconsideration now seeks to challenge the dismissal of this action by contending that the underlying judgment in Plaintiff's bankruptcy proceedings, which permitted the appointment of Trustee Barclay, is void. (ECF No. 95 at 7; *see also* ECF No. 83 at 2 (citing ECF. No. 37, *In re Rajaee*, U.S.B.C Case No. 24-00617-CL7 (Bankr. S.D. Cal)).) Plaintiff, however, describes alleged infirmities in proceedings before the Superior Court of the State of California and contends only that the subsequent proceedings before the United States Bankruptcy Court are void because they "enforce[ed] a fraudulently obtained and void San Diego judgment." (ECF No. 97 at 3.) The Court finds that this argument fails to meet the demanding standard required by Rule 60(b)(4). Plaintiff fails to sufficiently contend or submit adequate evidence that the United States Bankruptcy Court lacked an "arguable basis" for jurisdiction nor that he was denied an opportunity to be heard in its proceedings. *Espinosa*, 559 U.S. at 270–71. The Court accordingly finds insufficient basis to vacate the dismissal of this action based on Plaintiff's allegations that a preceding judgment is void.

To the extent that Plaintiff seeks vacatur of judgments issued by either the Superior Court of the State of California or the United States Bankruptcy Court for the Southern District of California, this Court declines to exercise jurisdiction over his motion. The Ninth Circuit cautions that "considerations of comity and orderly administration of justice" should guide district courts' review of Rule 60(b) motions seeking relief from judgments issued by other courts. *Lapin v. Shulton, Inc.*, 333 F.2d 169, 172 (9th Cir. 1964); *Treadaway*

*v. Acad. of Motion Picture Arts & Scis.*, 783 F.2d 1418, 1422 (9th Cir. 1986) ("When a court entertains an independent action for relief from the final order of another court, it interferes with and usurps the power of the rendering court . . . . Although justice may occasionally demand that sort of interference, the identification of those rare situations is committed to the sound discretion of the district court."); *see also Ord v. United States*, 8 F. App'x 852, 853–54 (9th Cir. 2001) (affirming in an unpublished opinion the district court's dismissal of a Rule 60(b) motion seeking relief from an order issued by another district court). "[T]he nonrendering court should decline jurisdiction of such an action and remand the parties for their relief to the rendering court, so long as it is apparent that a remedy is available there." *Lapin*, 333 F.2d at 172. Here, Plaintiff states that his "motion does not seek to vacate or modify any order of any other court" (ECF No. 95 at 7) but the Court nonetheless emphasizes that his Rule 60(b) motion is not an appropriate vehicle for collateral attack against a state court judgment nor proceedings in the United States Bankruptcy Court for the Southern District of California.

V. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion to Vacate (ECF No. 95) is denied.

Dated: November 6, 2025

Hon. William Q. Hayes
United States District Court